**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SINO CLEAN ENERGY INC., acting by and through BAOWEN REN, PENG ZHOU, WENJIE ZHANG, ZHIXIN JING, and PAUL CHUI; and HUIQIN CHEN, LI HAN, GUANGJON HUANG, XIAODONG JIANG, XUELING JING, YUFENG LI, HAICHO LI, LANYING LI, LIANG WANG, ZHEN WU, TING XTE, HESHUN YANG, CHUNYUN ZHANG, TIEKUAN ZHANG,<br><br>    Appellants<br><br>v.<br><br>ROBERT W. SEIDEN, ESQ., in his capacity as Receiver over Sino Clean Energy Inc.,<br><br>    Appellee | 2:15-cv-01781-JAD<br><br>Bankruptcy No. BK-S-15-14261-BTB<br><br>**Order Affirming Bankruptcy Court Decision** |

    Appellants are former directors of Sino Clean Energy Inc. They filed for bankruptcy on behalf of Sino, the bankruptcy court dismissed their petition, and they now appeal. In dismissing, the bankruptcy court reasoned that only a corporation's current board of directors can file for bankruptcy—and here, at the time the appellants filed, a state-appointed receiver had already removed them from their director positions for mismanaging the company. Because Sino's new board of directors had not authorized the filing, the bankruptcy court dismissed its petition. On appeal, the appellants contend that federal law preempts any state law (including a state receiver) that restricts a company's directors from filing for bankruptcy—and that Sino's former directors therefore retained the ability to file despite their ousting by the receiver.

    The appellants' argument blurs the line between two related—but distinct—rules: the rule preventing states from barring *corporations* from filing for bankruptcy, and the longstanding rule empowering states to bar *certain individuals* from making that decision for a corporation. I decline their invitation to extend the rule that states cannot bar corporations from the bankruptcy courts to also mean that states cannot prevent certain individual directors from being the ones who decide whether the corporation may file—a question that has always been left to the states. The bankruptcy

system is just as available to Sino now as it was before the receiver was appointed; only the identity of the person making that decision for Sino has changed. I thus affirm the bankruptcy court's dismissal.[1]

**Background**

**A.   Sino was forced into receivership, and the receiver replaced the appellants with new board members**.

Sino is a holding company for various entities in China that produce coal-water slurry—an alternative fuel that it claims burns cleaner than traditional coal. Starting in 2011, Sino became embroiled in sundry U.S. litigations (including at least a defamation case and a class action).[2] Sino's shareholders eventually asked a Nevada court to appoint a receiver to take over Sino's affairs, fearing that the appellants would mismanage the company into insolvency.[3]

Although they were served with the shareholder's complaint, the appellants never responded to the state action. The state court entered an order (1) appointing a receiver and (2) finding that the appellants were liable for grossly mismanaging Sino.[4] The state court's order empowered the receiver to pick a new board of directors for Sino and to take control of Sino's property.[5]

The receiver attempted to work with the appellants, but to no avail. In 2014, the receiver replaced the appellants in their board positions with a new board of directors.[6] It does not appear

---

[1] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-1.

[2] ECF No. 11 at 138–39.

[3] *Id.*

[4] *Id.* at 164–68.

[5] *Id*.

[6] *Id.* at 140. Technically, the receiver replaced the board with a single director, Gregg Graison. The record supports the conclusion that Graison was properly installed as Sino's president, vice president, secretary, treasurer, and sole director. *Id*; *see also id.* at 256 (Graison's resolution as "sole member of the company" memorializing Graison's appointment as sole director); *id.* at 258 (listing of officers showing Graison as sole director of Sino as of December 2014).

that the appellants have cooperated with Sino's new board or the receiver since.[7]

Then in the summer of 2015—more than a year after the receiver took over (and seven months after the new board was in place at Sino)—appellants filed a bankruptcy petition on behalf of Sino.[8] Sino's then-current board passed a resolution directing that the bankruptcy petition be withdrawn.[9]

**B.   The bankruptcy court dismissed this case because appellants were no longer Sino's directors, and thus they lacked authority to file for bankruptcy on behalf of the company.**

Shortly after the bankruptcy case started the receiver moved to dismiss, arguing that the appellants had no authority to file for bankruptcy on behalf of Sino because they were no longer its directors. After a lengthy oral argument, the bankruptcy judge provided a thorough decision from the bench, granting the receiver's motion to dismiss.[10]

The bankruptcy court held that Sino's board of directors had in fact been replaced before the appellants filed their bankruptcy petition.[11] The court concluded that the case must be dismissed because only a corporation's current directors can act on its behalf, and the appellants (as former directors) therefore had no authority act for Sino. The court relied heavily on the Ninth Circuit case of *Oil & Gas Co. v. Duryee*, 9 F.3d 771 (9th Cir. 1993). The ousted board appeals.

## Discussion

**A.   Standard of Review**

I review a bankruptcy court's decision to dismiss for abuse of discretion and apply a two-part

---

[7] For example, there is evidence the appellants failed to respond to the receiver's requests for information. *Id.* at 141. Later, at least one of the appellants communicated with the receiver, but it appears that he failed to follow up. *Id.* In fact, the receiver has filed a motion in the state-court action to hold this director in personal contempt. *Id.*

[8] *Id.* at 145.

[9] *Id.* at 256.

[10] ECF No. 15 at 201.

[11] *Id.*

test.[12]  I consider de novo whether the court applied the correct legal standard.[13]  But I review the bankruptcy court's findings of fact for clear error.[14]  A fact finding is only clearly erroneous "if it was without adequate evidentiary support or was induced by an erroneous view of the law."[15]  I "may not simply substitute [my] view" for that of the bankruptcy court.[16]  Finally, I may affirm on any basis supported by the record.[17]

**B.  The bankruptcy court properly dismissed this case because the appellants had no authority to file for bankruptcy on behalf of Sino.**

This case turns on a single issue: Do the appellants have authority to file for bankruptcy on Sino's behalf?  An important starting principle is that state law—not federal law—governs whether a person is authorized to file a bankruptcy petition on behalf of a corporation.[18]  This fact reflects a preference for allowing states to make judgments about who should, and who should not, make the important decision of whether a corporation should for bankruptcy.  Indeed, the Supreme Court has been clear on this point: "If the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition."[19]  Bankruptcy courts have no jurisdiction to "determine that those who in fact do not have the authority to speak for the corporation as a matter of local law are entitled to be given such authority and therefore should be empowered to file a petition on behalf of

---

[12] *Leavitt v. Soto,* 171 F.3d 1219, 1223 (9th Cir. 1999).

[13] *Id.*

[14] *Id.*

[15] *Wall St. Plaza, LLC v. JSJF Corp.*, 344 B.R. 94, 99 (B.A.P. 9th Cir. 2006).

[16] *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 493 (9th Cir. 2014) (*citing U.S. v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

[17] *Heilman v. Heilman*, 430 B.R. 213, 216 (B.A.P. 9th Cir. 2010).

[18] *Price v. Gurney*, 324 U.S. 100, 107 (1945).

[19] *Id.* at 106; *see also Tenneco West, Inc. v. Marathon Oil Co.*, 756 F.2d 769, 771 (9th Cir. 1985); *In re Licores*, No. SA 13-10578-MW, 2013 WL 6834609, at *5 (C.D. Cal. Dec. 20, 2013).

the corporation."[20]

Appellants do not meaningfully dispute that Nevada law precludes them from filing for bankruptcy on behalf of Sino.[21] After all, Nevada law vests the authority to make important decisions (including whether to file for bankruptcy) in a corporation's *current* board of directors. And at the time the appellants filed their bankruptcy petition in this case, the state-appointed receiver had ousted them from their board positions and installed a new board for Sino. Nor do the appellants dispute that Sino's new board (in power at the time of the bankruptcy filing) opposed the filing. This would thus seem an easy case: Sino's new board was the only one under Nevada law who could decide whether to file bankruptcy; Sino's old board (the appellants) were powerless to file their petition and it was properly dismissed.

But appellants contend that federal bankruptcy law preempts a state-appointed receiver from preventing a corporation's directors from filing for bankruptcy by replacing them with new directors. The appellants primarily rely on a single bankruptcy case from the District of Arizona, *In re Corporate and Leisure*.[22] And indeed, in a lengthy decision, the Arizona bankruptcy court held that federal law preempts a "receivership order that attempts to preclude any of the original constituents of the organizational entity from filing a petition on its behalf"—including by, as was the case here, replacing the corporation's board with a new one.[23] But *Corporate and Leisure* is an outlier, and I find its reasoning unpersuasive.

In reaching its holding, the *Corporate and Leisure* court largely relied on cases holding that state receivers cannot outright bar a corporation itself from filing for bankruptcy, which is not

---

[20] *Price*, 324 U.S. at 107.

[21] Appellants do not argue in their opening brief that the bankruptcy court's finding that Sino's board had been replaced was clearly erroneous.

[22] *In re Corp. & Leisure Event Prods., Inc.*, 351 B.R. 724 (Bankr. D. Ariz. 2006).

[23] *Id.*

helpful here given that Sino's new board can still file for bankruptcy should it choose to do so.[24] Appellants' other cited cases address the same rule.[25] At bottom, both the court in *Corporate and Leisure* and the appellants appear to be blurring the line between the rule preventing states from barring corporations from bankruptcy court, and the longstanding rule *empowering states* to determine who gets to file for bankruptcy in the first place.[26] Appellants provide no rationale for

---

[24] The court cited to a handful of cases that hold that states cannot prevent "an entity" from filing for bankruptcy relief; it cited no decisions holding that state law, or a state–appointed receiver, cannot determine which individual directors can file. *See id.* at 731. For example, the court cites to *In re Klein's Outlet, Inc.*, 50 F.Supp. 557, 559 (S.D.N.Y. 1942), which held that the mere fact that a receiver was appointed did not prevent the directors from filing for bankruptcy. *See also Cash Currency Exchange, Inc. v. Shine*, 762 F.2d 542, 552 (7th Cir. 1985) (holding that a receiver's appointment "is irrelevant to the determination whether a *particular entity* may file for bankruptcy relief" (emphasis added)); *Larson v. Kreisers, Inc.*, 112 B.R. 996, 998 & 1000 (Bankr. D.S.D. 1990) ("The court . . . has not unearthed any statutory or decisional law to support the contention that a state court receivership generally bars bankruptcy filing."); *In re S & S Liquor Mart, Inc.*, 52 B.R. 226, 227 (Bankr. D.R.I. 1985) ( "[I]t is fundamental that a state court receivership proceeding may not operate to deny a corporate debtor access to the federal bankruptcy courts.").

[25] I agree that states cannot outright bar corporations from filing for bankruptcy. Not only do legion cases say so, but I have little doubt that Congress's sweeping bankruptcy laws would preempt state-law remedies that keep a corporation from the federal bankruptcy system.

[26] Nor do I find the Arizona bankruptcy court's reasoning otherwise helpful. The court stated that whether the receiver has the power to file for bankruptcy did not change the analysis, because Congress intended bankruptcy relief to be for the benefit of not just the creditors (who initiate the receivership) but others, such as the shareholders. *In re Corp. & Leisure Event Prods., Inc.*, 351 B.R. at 732. This implies that a receiver may not adequately represent the interests of a corporation's shareholders and therefore cannot be trusted to decide whether to file for bankruptcy on behalf of a corporation. But here, it is the new board that would decide whether to file, not the receiver. And in any event, under Nevada law, a receiver must make decisions in the shareholders' best interest, just as the board of directors does—so there does not appear to be a problem of adverse incentives. *See* NEV. REV. STAT. § 78.635 (stating that receivers represent shareholders, and that the receiver can settle with a creditor only if "deem[ed] just and beneficial to the corporation"). The state-court order in this case also required the receiver to "maximize value for all shareholders." ECF No. 11 at 164. Perhaps this case would be different if appellants could show that a receiver was biased or significantly delayed in appointing a new board, thus interfering with the corporations' ability to get into bankruptcy court in a timely matter. But that is not the case. The receiver appointed a new board almost a year before the appellants filed this rogue bankruptcy petition.

The court in *Corporate and Leisure* also reasoned that Congress must have intended to let bankruptcy courts settle disputes between receivers and directors because it gave bankruptcy courts

treating a state-appointed receiver any differently from other state laws defining who can file for bankruptcy on behalf of a corporation.

The only relevant Ninth Circuit precedent suggests that states are free to allow receivers to decide which members of a company's management can file for bankruptcy. In *Oil & Gas v. Duryee*, Judge Kozinski explained that once a state gives control of a corporation over to a third-party trustee (in that case a rehabilitator)—that is the "only person . . . who could go to court on behalf" of the corporation.[27] In *Duryee*, that meant that a corporation president's attempt to file for bankruptcy was "null and void."[28]

A recent bankruptcy case from the Central District of California is even more on point.[29] In *In re Licores*, the court held that a company's former partners could no longer file for bankruptcy once a state-appointed receiver had ousted them from their management positions.[30] The court explained that there is a difference between a state preventing *certain directors or partners* from filing for bankruptcy, which the state can do—and a state preventing a *corporation itself* from filing for bankruptcy, which the state cannot do.[31] The court rejected the argument that a state court "cannot divest the [directors of the company] from commencing a bankruptcy proceeding because it runs contrary to Congress's intent to enact uniform laws of bankruptcy."[32] It explained that "the

---

equitable power over property held by state receivers. *See* 11 U.S.C. § 543(b)(2); *Dill v. Dime Sav. Bank*, 163 B.R. 221, 225 (E.D.N.Y. 1994). But the fact that bankruptcy courts have equitable power to turn property over to a receiver says nothing about a bankruptcy court's power to decide who can file for bankruptcy.

[27] *Oil & Gas Co. v. Duryee*, 9 F.3d 771, 773 (9th Cir. 1993).

[28] *Id. Duryee* is arguably dicta on this point because the underlying debtor could not file for bankruptcy in the first place. That said, I find the decision's language helpful in predicting how the Ninth Circuit would rule on this issue.

[29] *In re Licores*, No. SA 13-10578-MW, 2013 WL 6834609, at *5 (C.D. Cal. Dec. 20, 2013).

[30] *Id.*

[31] *Id.*

[32] *Id.*

Receivership Order . . . [did] not divest the Debtor [of] its power to seek bankruptcy protection; rather, the order identifies who has the power to file the bankruptcy petition on behalf of Debtor."[33]

Ultimately, the weight of authority suggests two relevant principles: (1) states are empowered to determine who is best suited to make business decisions for a corporation; but (2) states cannot significantly interfere with a corporation's access to the bankruptcy system. The bankruptcy court's determination here that the appellants had no authority to file for bankruptcy aligns with both of these principles. A Nevada court determined that the appellants were committing misfeasance and could no longer be trusted to make decisions for Sino. So the state-appointed receiver picked a new board to make the corporation's decisions. There is no sensical reason to conclude that the appellants cannot be trusted to make any important business decision for Sino—but at the same time, federal law requires that they must be trusted to make the critical decision about whether to file for bankruptcy.[34] There is no evidence that either the receiver or the new board cannot file for bankruptcy on behalf of Sino, so there is no bar between Sino and the bankruptcy-court system that might trigger federal preemption.[35] I thus affirm the bankruptcy court's dismissal.[36]

---

[33] *Id.* The only cases I have found that hold that a receiver cannot interfere with a *former* board's ability to file for bankruptcy are premised on the idea that receivers cannot file for bankruptcy (so that by barring the directors, the receiver is practically barring the company altogether). *See, e.g., In re Prudence Co.*, 79 F.2d 77, 80 (2d Cir. 1935). Those cases are unhelpful because, here, a new board was installed (and thus whether the receiver could file does not matter). They are also unhelpful because it appears that the modern trend is to allow receivers to file for bankruptcy. *See, e.g., JY Creative Holdings Inc. v. McHale*, No. 14-2899, 2015 WL 541692 (M.D. Fla. Feb. 10, 2015).

[34] Filing for bankruptcy brings obvious benefits and challenges for a corporation, and the decision to file is thus not a trivial one.

[35] Nothing in the receivership order suggests that the receiver or new board cannot file for bankruptcy. Nor have appellants argued that they cannot. Appellants also argue that the bankruptcy filing was ratified later by the appellants themselves. But the same problem remains that the appellants are no longer Sino's board of directors.

[36] Appellants also argue that the appellee's brief should be struck because he does not have authority, as a receiver, to appear. I need not look to the receiver's briefing to see that appellants' arguments fail and that the bankruptcy court was right to dismiss this case. Regardless, receivers have standing in an appeal. *In re Licores*, 2013 WL 6834609, at *3 (C.D. Cal. Dec. 20, 2013) ("[A]nyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the bankruptcy court's decision is **AFFIRMED**. The Clerk of Court is directed to close this case.

Dated this 23rd of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

interest with respect to any issue to which it pertains.").